

**ZACHARY W. CARTER**
*Corporation Counsel*

**T**he **C**ity of **N**ew **Y**ork
**Law Department**
100 CHURCH STREET
NEW YORK, NY 10007

**CASSANDRA N. BRANCH**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-4074
Fax: (212) 356-2439
Email: cbranch@law.nyc.gov

August 23, 2016

**BY ECF**

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:   Almanzar, et al. v. City of New York, et al.
                16 Civ. 2696 (ALC)

Dear Judge Carter:

       I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants City of New York ("City") and New York City Department of Correction ("DOC") in the above-referenced § 1983 action. Defendants submit this letter to respectfully request a pre-motion conference to discuss defendants' anticipated motion to have this action stayed pending the outcome of plaintiffs' related New York State Supreme Court proceedings, and dismissed for failure to state a cause of action.

       Plaintiffs, five former correction officers, were terminated on January 21, 2015, after being found guilty of disciplinary charges, including using excessive force against an inmate named Robert Hinton ("Hinton"), and submitting false reports concerning that use of force. A hearing on the charges was held at the City's Office of Administrative Trials and Hearings ("OATH") before an administrative law judge ("ALJ"). During the course of the hearing, former DOC counsel, David Klopman ("Klopman"), engaged in prosecutorial misconduct, causing the ALJ to strike Hinton's testimony and determine plaintiffs' guilt based on the remaining evidence. The DOC terminated plaintiffs based on the ALJ's findings and recommended penalty, and plaintiffs unsuccessfully appealed their terminations to the New York City Civil Service Commission ("CSC").

       Plaintiffs bring this action, alleging that Klopman's misconduct caused them to be deprived of their due process and property rights. Plaintiffs also allege negligent hiring and supervision of Klopman by DOC, defamation, and negligent and intentional infliction of emotional distress.

**HONORABLE ANDREW L. CARTER, JR.**
United States District Judge
Almanzar, et al. v. City of New York, et al.
16 Civ. 2696 (ALC)
August 23, 2016
Page 2

      Defendants plan to move for a stay of this action, as plaintiffs commenced Article 78 proceedings concerning these issues in state court in March, 2016. There, plaintiffs allege that they were denied constitutional due process at the OATH hearing, and therefore, the CSC arbitrarily and capriciously affirmed their terminations.[1] Respondents' cross-motions to dismiss contend, among other things, that pursuant to Marino v. Ameruso, petitioners were afforded due process through judicial review under Article 78. 837 F.2d 45, 47 (2d Cir. 1988). Abstention, pending the outcome of plaintiffs' state proceedings, is warranted pursuant to Colorado River Water Conservation Dist. v. United States, because substantially the same parties are contemporaneously litigating the same issues in different forums. 424 U.S. 800 (1976). Perfect symmetry of parties and issues is not necessary, and the substantial likelihood that the state litigation will dispose of plaintiffs' claims in this action is enough to justify a stay. See In re Comverse Tech., Inc., 2006 U.S. Dist. LEXIS 80195, at *6 (E.D.N.Y. 2006).

      Defendants intend to move for dismissal of the Complaint for failure to state a cause of action. First, it is well-settled that a municipality may be found liable under § 1983 "only where the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Thus, to state a claim under § 1983, a plaintiff must allege that some municipal policy or custom caused the plaintiff to be deprived of a constitutional right. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978). Municipalities cannot be held liable under § 1983 for the isolated actions of employees under the *respondeat superior* theory. Id. at 691. The instant Complaint is devoid of any allegations that a practice of the defendants caused plaintiffs to be deprived of their constitutional rights. Accordingly, the Section 1983 claim is fatally deficient and dismissal is warranted. See Ezagui v. City of New York, 726 F. Supp. 2d 275, 284-85 (S.D.N.Y. 2010).

      Second, the Complaint's state law claims should be dismissed for plaintiffs' failure to file a Notice of Claim. Plaintiffs "asserting state law tort claims against a municipal entity or its employees," are required to "file a Notice of Claim within 90 days after such claim arises…" See N.Y. Gen. Mun. Law § 50-e(1)(a). The Notice of Claim requirement is a strictly-construed condition precedent, and failure to comply typically results in dismissal for failure to state a cause of action. See Hill v. City of New York, 2005 U.S. Dist. LEXIS 38926, at *32-33 (E.D.N.Y 2005). A search of the New York City Comptroller's Office records revealed that plaintiffs did not file a Notice of Claim concerning this action. Plaintiffs were required to file a Notice of Claim within 90 days of the September 25, 2014, OATH decision, at the earliest, or within 90 days of plaintiffs' January 21, 2015, terminations, at the latest. As plaintiffs

---

[1] See Geronimo Almanzar, Paul Bunton, Raul Marquez, and Vincent Siederman v. City of New York City Civ. Serv. Comm'n, and City of New York, Index No. 100355/2016 (N.Y. Co. Sup. Ct. 2016), and Ramon Cabrera v. City of New York Civ. Serv. Comm'n, Index No. 100372/2016 (N.Y. Sup. Ct. 2016). Respondents have requested consolidation of those proceedings.

**HONORABLE ANDREW L. CARTER, JR.**
United States District Judge
Almanzar, et al. v. City of New York, et al.
16 Civ. 2696 (ALC)
August 23, 2016
Page 3

commenced this action on April 12, 2016, without doing so, all state law claims should be dismissed.

Third, "a claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of her employment." See Colodney v. Continuum Health Partners, Inc., 2004 U.S. Dist. LEXIS 6606, at *27-28 (S.D.N.Y. 2004); Hill, 2005 U.S. Dist. LEXIS 38926, at *36. As the Complaint's allegations can only support an inference that Klopman engaged in misconduct while acting within his capacity as DOC counsel, defendants will move to have plaintiffs' negligent hiring, training, and supervision claims dismissed as a matter of law. See id. The Complaint also fails to allege that DOC negligently hired Klopman by failing to reasonably investigate him prior to employment, that there were "deficiencies" in Klopman's training, "that, if corrected, could have avoided the alleged harm," and that DOC negligently supervised Klopman when it knew or should have known of his propensity to engage in misconduct. See Alvarez v. City of New York, 2015 U.S. Dist. LEXIS 43403, at *31 (S.D.N.Y. 2015); Carter v. Port Auth. of New York & New Jersey, 2004 U.S. Dist. LEXIS 25633, at *14-16 (S.D.N.Y. 2004).

Fourth, plaintiffs' defamation claims fail, as the Complaint does not identify what defamatory statements were made about plaintiffs, when they were made, by whom, and in what context. See Fed. R. Civ. P. 8; Deutsche Asset Mgmt. v. Callaghan, 2004 U.S. Dist. LEXIS 5945, at *39-40 (S.D.N.Y. 2004). To the extent that plaintiffs may claim defamation occurred within the scope of plaintiffs' disciplinary OATH hearing or terminations, it is well-settled that statements between interested persons concerning an employee's misconduct or dismissal are covered by qualified privilege. See Siani v. State Univ. of New York, 7 F. Supp. 3d 304, 330 (E.D.N.Y. 2014); Peters v. Baldwin Union Free Sch. Dist., 320 F.3d 164, 169 (2d Cir. 2003).

Fifth and finally, the Complaint fails to plausibly allege claims for either negligent infliction of emotional distress ("NIED") or intentional infliction of emotional distress ("IIED"). NEID and IIED claims require allegations "that that the defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Kenny v. Nassau Univ. Med. Ctr., 2016 U.S. Dist. LEXIS 16544, at *36-37 (E.D.N.Y. 2016). Nothing in the Complaint indicates that defendants' conduct could be described as such. Furthermore, plaintiffs fail to even allege that defendants negligently caused plaintiffs severe emotional distress by breaching a specific duty, or intentionally caused plaintiffs severe emotional distress by engaging in a "deliberate and malicious campaign of harassment or intimidation." See Nieblas-Love v. New York City Hous. Auth., 2016 U.S. Dist. LEXIS 23834, at *40 (S.D.N.Y. 2016). Accordingly, these claims should be dismissed.

Accordingly, defendants request a pre-motion conference to consider defendants' intent to seek a stay and dismissal for failure to state a cause of action.

**HONORABLE ANDREW L. CARTER, JR.**
United States District Judge
<u>Almanzar, et al. v. City of New York, et al.</u>
16 Civ. 2696 (ALC)
August 23, 2016
Page 4

                                                Respectfully submitted,

                                                **[ECF]         /S/**
                                                Cassandra N. Branch
                                                Assistant Corporation Counsel

cc:      **JONATHAN A. TAND & ASSOCIATES**
           Attorneys for Plaintiffs